**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
GEORGE JANETOS, IRENE JANETOS,

       Plaintiffs,
              **MEMORANDUM AND ORDER**

  - against -
               CV 09-1025 (AKT)

HOME DEPOT U.S.A., INC.,

       Defendant.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I. PRELIMINARY STATEMENT**

Before the Court is Plaintiffs George Janetos and Irene Janetos' ("Plaintiffs") motion for a jury trial. DE 29. Defendant Home Depot U.S.A., Inc. ("Home Depot") opposes the motion. DE 31. After considering the parties' papers and the relevant case law, the Court GRANTS Plaintiffs' motion for a jury trial.

**II. BACKGROUND**

Plaintiffs commenced this personal injury action in the Supreme Court of the State of New York, Queens County, on October 23, 2008. Pls.' Aff. in Support of Mo. [DE 29-1] ("Pls.' Aff.") ¶ 4. The Verified Complaint filed in state court does not contain a jury demand. *See id.*, Ex. A. After Defendant served a Verified Answer in state court on or about December 8, 2008, the parties commenced discovery and a preliminary conference was held in the state court. *Id.* ¶ 4. On March 12, 2009, before a note of issue and certificate of readiness were filed in state court, Defendant removed the case to federal court and the parties continued to conduct discovery. *See id.* ¶ 4-5. On September 20, 2010, although not required to do so, Defendant

1

filed the Verified Answer it previously served in the state court proceeding. DE 7.

At the August 25, 2011 Pre-Trial Conference before this Court, Plaintiffs, for the first time, requested a jury trial. *See* DE 24. According to Defendant, the issue first arose in the context of preparing the Proposed Joint Pre-Trial Order. *See* DE 22 at 2. Although Defendant's position was that this case would be conducted as a bench trial, counsel stated at the Pre-Trial Conference that Defendant would consider consenting to a jury trial in order to avoid the expense of briefing the issue. DE 24. At a subsequent conference on September 20, 2011, counsel for Defendant informed the Court that it would not consent to Plaintiffs' request for a jury trial and the Court therefore set a briefing schedule for the current motion. DE 28. In accordance with the schedule, Plaintiffs submitted their motion with a memorandum of law ("Pls.' Mem.") and an attorney affirmation to which several exhibits were attached. DE 29. In opposition, Defendant submitted an attorney affirmation which contained a discussion of applicable case law, but no memorandum of law. *See* DE 31 ("Def's. Opp."). Plaintiff thereafter submitted a reply affirmation. DE 30 ("Reply Aff.").[1]

After this motion was filed, Plaintiffs moved for summary judgment. *See* DE 33. The Court denied that motion. DE 40.

---

[1] The Court notes that Defendant's submission does not comply with Local Rule 7.1(a)(2) which requires that any opposition to a motion include a "memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." Notwithstanding this procedural defect, the Court, in its discretion, has elected to review the motion on the merits in order to move this case forward. The Court afford Plaintiffs similar courtesy with respect to their summary judgment papers. *See* DE 40 at 11-14.

**III. DISCUSSION**

A party that fails to timely serve and file a jury demand waives its right to a jury trial. Fed. R. Civ. P. 38(d). The Court begins its analysis with Federal Rule of Civil Procedure 81(c)(3), which governs demands for jury trials in removed actions. The Rule applies to three different scenarios. The first two are set forth in Section (A) which provides:

> (A) *As Affected by State Law.* A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.

Since Plaintiff did not demand a jury trial before removal, the first scenario is inapplicable. The second scenario is a closer call. Strictly speaking, New York law does require a jury demand. However, pursuant to N.Y. C.P.L.R. 4102(a), a jury demand may not be made until the note of issue is filed, which action does not occur until the case is trial ready. *Ajnoha v. JC Penney Life Insurance Company*, 480 F. Supp. 2d 663, 676 (E.D.N.Y. 2007). New York law also provides that a court may relieve a party from the effect of failing to include a jury demand in the note of issue if no undue prejudice results. *Id.* at 677 (citing N.Y. C.P.L.R. 4102(e)). Thus, the Second Circuit has described the applicability of the second scenario described in Section (A) to cases removed from New York state courts as a "gray area," *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir. 1983), and has read a "discretionary right" into Rule 81(c), *Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir. 1975). *See Perelman v. Camp Androscoggin Jr.-Sr., Inc.*, No. 06-CV-13020, 2008 WL 199475, at *2 (S.D.N.Y. Jan. 22, 2008). The analysis is somewhat complicated in this case,

3

however, by the mandatory language set forth in Section (B) of Rule 81(c)(3). Section (B) was not applicable in *Higgins* or *Cascone* because all necessary pleadings had not been served at the time of removal. Section (B) provides as follows:

> (B) *Under Rule 38.* If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:
>
> (i) it files a notice of removal; or
>
> (ii) it is served with a notice of removal filed by another party.

Under Section (B) of Rule 81(c)(3), Plaintiffs' demand would be untimely since they failed to serve it within 14 days after removal and all necessary pleadings were served prior to removal.[2] Plaintiffs ignore Section (B) in their papers and rely almost exclusively on a case in which that section did not apply, namely, *Luna v. American Airlines*, No. 04-CV-1803, 2010 WL 4159402, at *1 (S.D.N.Y. Oct. 12, 2010). Defendant, for its part, ignores Section (A) and neither party discusses the interplay between the two sections. The Court need not resolve this issue (which arises rather infrequently based on the fact that removing a case after filing a responsive pleading appears to be an uncommon practice), however, because the Plaintiffs will be permitted a jury trial in the Court's discretion pursuant to Rule 39(b).

Rule 39(b) permits a court to exercise its discretion to allow a jury trial even where one was not timely requested. Fed R. Civ. P. 39(b) ("But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."). Some cases seems to suggest that a

---

[2] The fact that Defendant filed in federal court the Verified Answer it previously served in state court does not change the fact that all necessary pleadings were served prior to removal. Defendant was not required to file the pleading in federal court. *See* Fed. R. Civ. P. 81(c)(2).

4

court may only exercise its discretion under Rule 39(b) where none of the Rule 81(c) scenarios applies. *See Jean v. 536 Realty Assocs. and Sicherman Mgmt. Corp.*, No. 97-CV-5075, 2000 WL 264346, at *2 (E.D.N.Y. Jan. 6, 2000) ("In cases removed from New York state courts but not covered by Rule 81(c), the Court has discretion to grant a jury trial under Federal Rule of Civil Procedure 39(b)."); *Sichel v. Nat'l. R.R. Passenger Corp.*, No. 91-CV-1753, 1993 WL 15459, at *3 n.2 (S.D.N.Y. Jan. 8, 1993) (noting that Rule 39(b) applies in removed cases where "(1) removal occurs before the answer was filed; (2) no demand for a jury trial was made in state court; and (3) state law does not require a jury demand to be stated in a pleading . . . ."). The Court disagrees with this approach. First, the Federal Rules of Civil Procedure, including Rule 39, "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). Moreover, other courts which have considered this issue directly have held that Rule 39(b) does apply even where the party has failed to timely file a jury demand pursuant to the time limits of Rule 81(c). *See Wave House Belmont Park, LLC v. Travelers Property Casualty Co. of Am.*, 244 F.R.D. 608, 613 n.7 (S.D. Cal. 2007) ("Rule 39(b) applies equally to cases that originate in federal court and that are removed from state court."); *Carr v. Wal-Mart Stores, Inc.*, 138 F.R.D. 80, 81 n.3 (M.D. La. 1991).

The Court also notes that in *Ajnoha*, 480 F. Supp. 2d 663 (E.D.N.Y. 2007), another court in this District considered whether Rule 39(b) applied to removed actions at all and, while not directly answering the question, construed Second Circuit case law to permit an exercise of discretion under Rule 81(c). 480 F. Supp. 2d at 677 (citing *Higgins*, 526 F.2d 1007). While this Court concludes that it has the authority to allow a discretionary untimely demand under Rule 39, I note that there is also support for exercising such discretion under Rule 81(c). *See Thompson v.*

5

*Beth Israel Med. Ctr.*, No. 96-CV-0509, 1998 WL 689938, at *2 n.2 (S.D.N.Y. Oct. 2, 1998) (finding it appropriate to grant motion for leave to file a late jury demand under either Rule 39(b) or 81(c)).

The standard governing Rule 39 motions differs for removed actions and actions filed originally in federal court. In cases originally filed in federal court, the failure to timely serve a jury demand will only be excused upon a showing of exceptional circumstances. *See Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70-71 (2d Cir. 1997). Greater leniency, however, is afforded in removed cases in order to account for the vagaries of state practice and the unfamiliarity of many state court practitioners with federal practice. *See Avne Sys., Ltd. v Marketsource Corp.*, 191 F.R.D. 56, 57 (S.D.N.Y. 2000) (citing *Cascone*, 702 F.2d at 391). In *Cascone*, the court held:

> Although we may not overlook lack of compliance with the federal procedural rules in removed cases, there is nonetheless some "play in the joints" for accommodating a removed party who may not be as at ease in the new surroundings imposed upon him. In removed cases, the argument for applying the rigid *Noonan* constraints on the district court's discretion is simply not as strong.

702 F.2d at 392.

At least one court has suggested that the more permissive standard described in *Cascone* only applies to removed cases not governed by Rule 81(c). *See Jean*, 2000 WL 264346, at *2 ("But this restriction does not apply in removal cases not governed by Rule 81(c).") Although, unlike here, *Cascone* involved a situation where all of the necessary pleadings had been served prior to removal, *see* 702 F.2d at 391, this Court interprets the statements in *Cascone* regarding the leniency to be afforded in removed actions as applicable to all removed actions, not just those

6

governed by Rule 81. The reason for the leniency or "play in the joints" as the court phrased it, was that the plaintiff in a removed action did not choose his forum and "may not be as at ease in the new surroundings imposed upon him." *Id*. at 392. The Second Circuit has not specifically addressed what standard to apply under the circumstances presented here. In the absence of clear Second Circuit authority to the contrary, the Court concludes that the permissive standard articulated in *Cascone* applies to all removed actions and will conduct its analysis accordingly. *See Avne Sys.*, 191 F.R.D. at 56 (noting that *Cascone's* "flexibility" extends to removed actions generally).

In assessing Rule 39(b) motions under the more permissive standard applicable in removed actions, courts generally consider the following three factors, first articulated *Higgins*, 526 F.2d 1004: (1) whether the case is of a type ordinarily tried by a jury; (2) whether the parties have been operating under the assumption that there would be a bench trial; and (3) whether the non-moving party consents to the demand, and, if not, whether granting the demand would unfairly prejudice the non-moving party. These factors are not exclusive and courts will sometimes consider other factors, including the state court practice and whether state law would allow a late jury demand. *See Rupolo v. Oshkosh Truck Corp.*, 749 F. Supp. 2d 31, 47 (E.D.N.Y 2010); *Quinlan v. Stryker Corp.*, 2009 WL 4729879, at *2 (S.D.N.Y. Dec. 10, 2009); *Ammirato v. Duraclean Intl.*, No. 07-CV-5204, 2009 WL 3823342, at *1 (E.D.N.Y. Nov. 16, 2009).

The first *Higgins* factor – whether the case is ordinarily of a type to be tried by a jury – weighs in Plaintiffs favor here because personal injury cases are typically tried by a jury. *See Cascone*, 702 F.2d at 392; *Jean*, 2000 WL 264346, at *2. The second factor – whether the parties were operating under the assumption that there was going to be a bench trial – is not

7

determinative here as each party was operating under a different assumption. *See Rupolo*, 749 F. Supp. 2d at 48 (finding this factor neutral where parties did not share a common assumption); *cf Higgins*, 526 F.2d at 1007 (parties had been under the assumption that the case was on the court's jury calendar for three years). Defendant states the parties did not share the same view on how this case was to be tried until the parties were preparing the Joint Pre-Trial Order. Def's. Opp. ¶ 5. While Plaintiff states that counsel "mentioned in front of the mediator and counsel that a jury would be apt to find the plaintiffs likeable . . . ," Pls.' Aff. ¶ 9, counsel for Defendant, Attorney Megan Le, asserted that neither she nor her client heard this statement, Def's. Opp. ¶ 9. In light of Attorney Le's statement, which Plaintiffs did not controvert in their Reply Affirmation, the Court concludes that the parties were operating under different assumptions until the time when they began preparing the Joint Pre-Trial Order.

The Court next addresses the prejudice to Defendant if a late jury trial is permitted. Initially, Defendant's assertions regarding prejudice caused by proceeding with a jury trial in general are misplaced. *See* Def's. Opp. ¶¶ 10-12. The inquiry is not whether Defendant will be prejudiced by a jury trial, but whether Defendant will suffer prejudice as a result of the *late demand* for a jury trial. On this point, Defendant asserts that it would have "made different decisions in defending the instant action, including conducting surveillance on plaintiff, questioning and/or questioning more extensively the non-party witnesses at the non-party depositions conducted by plaintiff's counsel, retaining a radiologist to review plaintiff's diagnostic films and deposing plaintiff's treating physicians, including plaintiff's second

surgeon." Def's. Opp. ¶ 13.³  A change in trial strategy such as the one Defendant describes here is a factor that some courts consider.  *Compare Ammirato*, 2009 WL 3823342, at *2 (weighing defendant's contention that it approached discovery believing the case was a bench trial); *Estate of Diane Rousseau v. Fed. Express Corp.*, No. 95-CV-10422, 1998 WL 729654, at *1 (S.D.N.Y. Oct. 19, 1998) (finding prejudice where counsel submitted an affidavit describing different pretrial strategy the defendant would have pursued if it knew the case was a jury trial); *with Rupolo*, 749 F. Supp. 2d at 48 (finding defendant's prejudice argument unconvincing because "'it is hard to imagine what evidence would be illuminating to a jury but not to a judge'") (quoting *Jimenez v. Sullivan*, No. 03-CV-7293, 2004 WL 3019490, at *2 (S.D.N.Y. Dec. 30, 2004)); *Luna*, 2010 WL 4159402, at *5 (finding implausible defendants' unexplained assertion that they would suffer prejudice because their attorney tailored the presentation of evidence to be received by a court, not a jury).  Under the circumstances present here, the Court concludes Defendant has not demonstrated the requite undue harm.  As in *Rupolo*, this Court finds unpersuasive Defendant's argument that it would have conducted surveillance on the Plaintiff if this were a jury trial – begging the question why such evidence would not be equally significant to a judge as to a jury.  Moreover, Defendant has no idea what such surveillance would have disclosed or not disclosed, making such argument on prejudice a speculative one.

Initially, the Court notes that other cases have granted motions for a jury trial made as late

---

³ The Court is puzzled by the statement in Plaintiffs' submission that "discovery is still proceeding at the Defendant's request with respect to plaintiff's injuries and claims," Pls.' Mem. at 8, a statement that Defendant disputes, Def's. Opp. ¶ 6.  The deadline for the completion of discovery was July 20, 2011.  *See* DE 17.  Although some specific additional discovery was permitted beyond the cut-off date, *see* DE 28, the Court assumes that the tasks permitted have been completed.

as after the filing of the joint pre-trial order. *Jiminez*, 2004 WL 3019490, at *1. Here, no trial date has been set and the parties have sufficient time to prepare for a jury trial. *See Harriprashad v. Metro. Prop. & Casualty Ins. Co.*, 09-CV-3105, 2011 WL 6337699, at *4 (E.D.N.Y. Nov. 17, 2011). The prejudice Defendant complains of can be remedied by a limited re-opening of discovery, which the Court will permit. *See Rupolo*, 749 F. Supp. 2d at 49 (suggesting that the defendant apply to the magistrate judge for permission to re-open discovery to the extent that the defendant needed further discovery to prepare for a jury trial).

Defendant relies on *Williams v. J.F.K. International Carting Co.*, 164 F.R.D. 340 (S.D.N.Y. 1996) in support of its argument that granting Plaintiff's motion would be prejudicial. Def's. Opp. ¶ 14-15. In *Williams*, the court concluded that "because the parties have proceeded in discovery for ten months with the understanding that the case would be tried before the Court, relief from the jury trial waiver would prejudice [the defendant]." 164 F.R.D. at 342. The court did not, however, elaborate on how exactly the defendant was prejudiced or provide any examples. *Id*. This Court favors the approach which requires a party claiming prejudice to make a specific demonstration of prejudice. *See Rupolo*, 749 F. Supp. 2d at 48-49; *Luna*, 2010 WL 4159402, at *4; *Jiminez*, 2004 WL 3019490, at *2. The court in *Williams* also criticized the plaintiff's failure to seek a jury trial until eight months after removal. *Id*. To support this position, the court cited *Galella v. Onassis*, 487 F.2d 986, 996-97 (2d Cir. 1973), which in turn cited *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir. 1967), a non-removed case. *Galella*, however, is "the only Second Circuit case to apply the restrictive *Noonan* approach to a removed case [and] has been superseded by *Higgins*." *Thompson v. Beth Israel Med. Ctr.*, No. 96-CV-0509, 1998 WL 689938, at *2 n.2 (S.D.N.Y. Oct. 2, 1998) (citing *Cascone*, 702 F.3d at

10

392 n.2). Thus, to the extent *Williams* relied on pre-*Higgins* authority, this Court declines to follow it.

Likewise the *Elgarhi* decision – also relied on by Defendant – is distinguishable because the main concern raised by that court in denying a jury trial was the prejudice the defendant would suffer due to the fact that its pretrial strategy was based on its assumption that a bench trial would be conducted. 131 F.R.D. at 431. Here, the Court is giving Defendant an opportunity to cure that prejudice. Another key distinction also makes reliance on *Elgarhi* ineffective. *Elgarhi* also involved a third-party action that was going to be tried with the judge as fact-finder in any event. On that basis, the court held that the interests of judicial efficiency and justice weighed in favor of a bench trial to avoid two different fact-finders. Such concerns are not present here since there is no third party action.

When considering all the circumstances, the Court finds it appropriate to exercise its discretion in favor of permitting a jury trial here. The first two factors weigh in favor of Plaintiffs. Any prejudice to Defendant is minimal in light of the re-opening of discovery. *See Luna*, 2010 WL 4159402, at *4 (nothing that the defendants had not made a sufficient showing of harm caused by the untimely request); *Ammirato*, 2009 WL 3823342, at *1 (considering *unfair* prejudice). The Court also takes into consideration the fact that counsel for Plaintiffs practices predominately in state court, *see* Pls. Mem. at 7, and the practice in New York is to demand a jury trial when the case is trial ready. *See Rupolo*, 749 F. Supp. 2d at 49; *Ammirato*, 2009 WL 3823342, at *1. Although the Court does not condone counsel's failure to familiarize himself sufficiently with the rules of this Court, the Court is also mindful that this is not the forum Plaintiffs chose. Finally, the Court is also cognizant of the United States Supreme Court's

admonition that "courts [should] indulge every reasonable presumption against waiver" of the right to a jury trial. *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393, 57 S. Ct. 809, 811 (1937).[4]

The Court has considered the remaining arguments advanced by Defendant and finds them to be without merit. The Court does not share Defendant's view of the significance of checking of the "No" box for the "JURY DEMAND" category in the Civil Cover Sheet. *See* Def's. Opp. ¶ 7. The Civil Cover Sheet is merely an administrative document and does not bear on the Court's Rule 39 analysis. Moreover, the section of the Civil Cover Sheet at issue pertains to what was "Requested in the Complaint." By checking the "No" box, Defendant merely confirmed a fact that is not disputed here, i.e., that no jury demand was requested in the Complaint.

Defendant's statement that "one of the potential benefits for defendant in a removal action is that a plaintiff will not timely serve on defense counsel and file with the Court a demand for a jury trial," Def's. Opp. ¶ 5, is not persuasive. While the Court agrees with Defendant that it was not required to point out to counsel that he had not filed a jury demand, the argument as advanced by the Defendant reflects litigation strategy that the Court is loath to endorse.

*Richards v. Procter & Gamble Manufacturing Co.*, 753 F. Supp. 71 (E.D.N.Y. 1991), relied upon by Defendant, *see* Def's. Opp. ¶ 17, does not compel a different result. In that case,

---

[4] In reaching this conclusion, the Court was not persuaded by Plaintiffs' statement that a "physically injured plaintiff's rights and preferences in requesting a jury trial should be deemed paramount to those of the non-physically injured party." Pls.' Mem. at 3. There is no authority for this proposition. Nor did the Court consider Defendant's unsubstantiated and speculative statements about Plaintiffs' motivation for seeking a jury trial, *see* Def's. Opp. ¶ 8 ("Make no mistake the very late request for a trial by jury is not about the rights of the parties, but rather the desire of plaintiffs to attempt to procure from defendant more money as everyone knows juries in general tend to award more monies to plaintiffs than judges.").

the court denied a late jury demand notwithstanding the fact that the case was the type of case normally tried to a jury (personal injury) and where the only reason for the untimely demand was counsel's ignorance. *Richards*, 753 F. Supp. at 74-75. The *Richards* opinion, however, recognizes that courts often resolve this issue in different ways and the outcome depends on the circumstances of each case. *Richards*, 753 F. Supp. at 74. Here, no trial date has been set and the parties have sufficient time to prepare for trial. *See Harriprashad v. Metro Prop. & Casualty Ins. Co.*, 09-CV-3105, 2011 WL 6337699, at *4 (E.D.N.Y. Nov. 17, 2011).

## IV. CONCLUSION

As noted, the Supreme Court has held that courts "should preserve every reasonable presumption against waiver of the right to a jury trial." *Aetna Ins. Co.*, 301 U.S. at 393. Following this guidance and in accordance with the discretionary power granted the Court, Plaintiffs' motion for a jury trial is GRANTED. The Court is hereby setting an in-person conference with counsel for October 22, 2012 at 10:00 a.m. to discuss Defendant's desire to retain a radiologist, depose Plaintiff's treating physicians, etc. Once the parties have been heard, the Court will set a final schedule for completion of all remaining pre-trial tasks.

**SO ORDERED.**

Dated: Central Islip, New York
September 25, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge