UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GEORGE JANETOS, IRENE JANETOS,

                     Plaintiffs,                       **MEMORANDUM AND ORDER**

      - against -

                                                          CV 09-1025 (AKT)

HOME DEPOT U.S.A., INC.,

                     Defendant.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Before the Court is Plaintiffs' motion to re-open discovery. DE 45. Defendants oppose the motion. DE 46.

       After the close of discovery, Plaintiffs' moved for summary judgment on the issue of Defendant's liability. DE 33. On September 13, 2012, the Court issued an Order denying the motion. DE 40. In that Order, the Court explained that in order to establish a *prima facie* case for negligence a plaintiff must show one of the following: (1) the owner created the defective condition that caused plaintiff's injury; (2) the owner had actual notice of the condition; or (3) the owner had constructive notice of the condition. *Id*. at 15. In discussing the first potential theory – the owner's creation of the defective condition – the Court noted former Home Depot employee Michael Gregus' testimony that some unidentified person told him that a Home Depot employee had improperly stacked the doors which allegedly caused Plaintiff's injuries. *See id*. at 17. The Court ruled, however, that it could not consider the statement by the unidentified employee because it was hearsay. *Id*. at 18. While there is an exception to the hearsay rule for vicarious admissions by a party's agent, the Court pointed out that Plaintiffs had made no showing with respect to the applicability of the exception. Furthermore, the Court observed that

"statements of unidentified declarants are typically excluded from this exception," though Plaintiffs could potentially "establish that there was an agency relationship between the declarant(s) and Home Depot through circumstantial evidence." *Id*. Plaintiffs now seek discovery in order to establish an agency relationship between the unidentified declarant and Home Depot.

Michael Gregus made the statement at issue during his deposition in July of 2011. DE 46 at 2. During that deposition, Gregus also identified two other night crew employees, Timothy Post and Carlos Serge. *See* DE 45 at 2. Despite being in possession of this information, Plaintiffs did not attempt to seek discovery regarding the unknown declarant before the close of discovery. To the extent that Plaintiffs may be seeking to depose Timothy Post and/or Carlos Serge, it is important to note Plaintiffs' acknowledgment that Post and Serge were named in Defendant's Rule 26(a) Initial Disclosures at the very beginning of this case. Plaintiffs had ample opportunity to utilize interrogatories to determine what specific knowledge or information Post and Serge had regarding the claims and defenses asserted in this litigation.

The Court issued a decision on Plaintiffs' motion for summary judgment on September 13, 2012. Some five months after that decision, the Plaintiffs seek to re-open discovery. Unfortunately, Plaintiffs do not get a second bite at the apple. Plaintiffs' argument that they did not "anticipate that the employment status of the person(s) who made the admission" to be deemed "unsettled" is not persuasive. Plaintiffs knew or should have been aware of the hearsay problems with Gregus' testimony at the time of his deposition based upon the straightforward testimony that he provided. Counsel was free at that point to take whatever discovery was needed to establish the applicability of an exception to the hearsay rule. And there was nothing

preventing Plaintiffs from requesting an extension of the discovery cut-off date at that juncture for the purposes of deposing one or both of theses employees. Plaintiffs did not do so.

Moreover, Defendant raised this issue in its opposition to Plaintiff's motion for summary judgment. There, Defendant pointed out that Gregus "does not even recall where he obtained this information" and argued that the "testimony is inadmissible hearsay." DE 32 at 9. Indeed, Plaintiffs concede that Gregus does not remember the name of the person who allegedly told him that the doors were stacked improperly. DE 45 at 2.

For the foregoing reasons, Plaintiff's motion to re-open discovery is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
        April 4, 2013

                                             /s/ A. Kathleen Tomlinson
                                             A. KATHLEEN TOMLINSON
                                             U.S. Magistrate Judge